IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROBERT TAYLOR, #130155, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO. 2:07-CV-671-WKW |
| | )                     [WO] |
| | ) |
| FBI (MONTGOMERY), | ) |
| | ) |
|     Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a civil rights complaint filed by Robert Taylor ["Taylor"], a state inmate currently incarcerated at the Fountain Correctional Facility. In his complaint, Taylor complains that the Federal Bureau of Investigation ["FBI"] via its office in Montgomery, Alabama refused to provide him his "FBI records...." *Plaintiff' Complaint - Court Doc. No. 1* at 3. Taylor further complains that the FBI "put a tracking device in me ... causing me great pain." *Id.*[1] He asserts that the actions of the FBI have had an adverse affect on his ability to attain parole.[2] The plaintiff names FBI (Montgomery) as

---

[1]The court deems this claim delusional and therefore subject to dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B)(i) as it is truly fantastic and wholly incredible. *Denton v Hernandez*, 504 U.S. 25 (1992).

[2]Taylor has a cause of action pending before this court, *Taylor v. William, et al.*, Case No. 2:07-CV-512-MEF-WC, in which he challenges the decision of the Alabama Board of Pardons and Paroles to deny him release on parole.

the sole defendant in this cause of action.[3]

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[4]

## DISCUSSION

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert "*both* an alleged constitutional deprivation ... *and* that 'the party charged with the deprivation [is] a person who may fairly be said to be a state actor.'" *American Manufacturers*, 526 U.S. at 50, 119 S.Ct. at 985 (emphasis in original). The Federal Bureau of Investigation is neither a person nor state actor under the requisite provisions of § 1983 and Taylor's claims presented against the defendant under this section

---

[3] In the interest of justice, the court construes the instant complaint as one seeking relief under both 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). "Because claims under 42 U.S.C. § 1983 and *Bivens* are similar, courts generally apply § 1983 law to *Bivens* cases. *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir.1995)." *O'Brien v. United States*, 137 Fed.Appx. 295, 299 (11th Cir. 2005).

[4] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

are therefore due to be summarily dismissed as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Neitzke v. Williams*, 490 U.S. 319 (1989).[5]

To the extent Taylor seeks to proceed on his complaint under *Bivens*, he is likewise due no relief. The Federal Bureau of Investigation is entitled to sovereign immunity from the plaintiff's claims as the United States and its agencies are absolutely immune from such an action except to the extent that the United States consents to waive this immunity. *United States v. Mitchell*, 455 U.S. 535, 538 (1980); *Means v. United States*, 176 F.3d 1376, 1378 (11th Cir. 1999) ("[S]overeign immunity bars suit against the United States [and its agencies] expect to the extent it consents to be sued."). The United States has not waived its sovereign immunity with respect to the claims herein presented by Taylor against the Federal Bureau of Investigation. Consequently, any claims for relief under *Bivens* against this federal agency are "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. These claims are therefore subject to dismissal in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the provision of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). It is further

---

[5] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

ORDERED that on or before August 9, 2007 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 26th day of July, 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE